## THE GAMEWELL COMPANY *v.* CITY AND COUNTY OF HONOLULU.

### No. 2191.

FILED JUNE 24, 1936.                    DECIDED AUGUST 14, 1936.

COKE, C. J., BANKS, J., AND CIRCUIT JUDGE BROOKS
IN PLACE OF PETERS, J., DISQUALIFIED.

*Per Curiam.* A petition for rehearing is interposed by the plaintiff, the Gamewell Company. The first and main ground set out in the petition is based upon the claim that while this court decided that the use of the municipal permanent improvement fund was restricted to certain specific permanent improvements, not including the type of improvements called for in the Gamewell contract, this was a "matter that has remained wholly unargued by counsel on either side" and therefore the company is entitled, as a matter of right, to a rehearing under the provisions of section 3601, R. L. 1935. The statute referred to provides

that when a cause has been argued or submitted on briefs to the supreme court, if the court is of the opinion that a certain point or legal proposition is involved, which is material to the decision of the case, which has not been raised or argued by counsel on either side, the case shall not be decided on such point or proposition until counsel for both sides have had an opportunity of arguing the same before the court.

Counsel for plaintiff are mistaken in their assumption that the principle involved was not argued by either side. At the oral argument, which consumed an entire forenoon session, Mr. Crozier, attorney for the defendant, urged the point at great length, maintaining that the use of the municipal permanent improvement fund was, in the absence of Act 38, Sp. S. L. 1932, confined to certain specific permanent improvements not including the type of improvements called for in the Gamewell contract. In other words, counsel for the city and county specifically urged the point passed upon by this court in its opinion, and plaintiff's counsel were accorded every opportunity to reply. But the result would have been the same had this question been entirely ignored. The legal proposition involved was therefore not material to the decision and the company has not been deprived of any of the rights secured to it under section 3601, R. L. 1935.

The other ground of the petition is an attempt to revive and reargue matters which have been fully presented by the parties, considered by the court and disposed of in our former opinion.

The petition is denied.